IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PRE-PAID LEGAL SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-11-333-FHS |
| | ) |
| MARK O. SMITH, TAMMY SMITH, MARK | ) |
| and TAMMY SMITH, LLC, MARK O. | ) |
| SMITH, INC., M. SMITH ENTERPRISES, | ) |
| INC. and XTB LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court for its consideration is the Motion to Stay Pending Arbitration filed on behalf of Defendants, Mark O. Smith, Tammy Smith, Mark and Tammy Smith, LLC, Mark O. Smith, Inc., M. Smith Enterprises, Inc. and XTB LLC, on October 4, 2011. Plaintiff, Pre-Paid Legal Services, Inc. ("Pre-Paid") filed its response on October 11, 2011, and Defendants filed a supplement on October 12, 2011. In its response, Pre-Paid does not contest that the claims asserted in the Complaint are subject to arbitration, but it nonetheless asks the Court to hear and determine its Motion for Preliminary Injunction pending arbitration. Having fully considered the respective submissions of the parties, the Court finds Defendants' Motion to Stay Pending Arbitration should be granted. The Court declines to retain jurisdiction to address the pending Motion for Preliminary Injunction, but instead finds that good cause exists for an additional extension of the Temporary Restraining Order previously entered in this matter in order to preserve the status quo until the issue of emergency relief can be addressed under the arbitration proceedings.

1

On September 26, 2011, Pre-Paid filed a Petition in the District Court of Pontotoc County, Oklahoma, against Defendants asserting claims for breach of contract, collection of debt balance, misappropriation of trade secrets, tortious interference with contract or business relations, defamation, commercial disparagement, and unfair competition. Pre-Paid sells and markets legal service contracts. These contracts, or memberships, are sold through a network marketing system by independent sales associates. Pre-Paid considers its processes, information, and sales forces to be trade secrets, including the names and identities of its sales associates and those in the associates' network marketing system downline. The foundation for all these claims derives from Pre-Paid's contention that former Pre-Paid associates, Mark and Tammy Smith, and entities managed and controlled by one or both of the Smiths, have used Pre-Paid's trade secret information to solicit Pre-Paid sales associates to join another network marketing company, Nerium International ("Nerium"). Pre-Paid alleges Mark and Tammy Smith joined Nerium after resigning from Pre-Paid on September 17, 2011.

In conjunction with the filing of the Petition in state court, Pre-Paid sought and was granted a Temporary Restraining Order ("TRO") wherein Mark and Tammy Smith, and the defendant companies they control and manage, were "restrained from contacting any person or organization they know, or suspect, to be a Pre-Paid associate to directly or indirectly solicit or encourage the associate to join Defendants in a new company or organization, or to leave Pre-Paid for the eventual purpose of joining another company, and are otherwise restrained from using trade secret information of Pre-Paid for any other purpose." Judge Thomas Landrith of the District Court of Pontotoc County, Oklahoma, issued this TRO on September 20, 2011, and ordered that it remain in

effect until October 17, 2011, at which time a hearing was set on Pre-Paid's request for a preliminary injunction. Before any hearing was held in the state court on the request for preliminary injunction, Defendants removed the action to this federal court on September 26, 2011, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. On September 30, 2011, Pre-Paid filed a Motion to Extend Temporary Restraining Order and a Motion for Preliminary Injunction. On October 3, 2011, this Court set the Motion for Preliminary Injunction for hearing on October 25, 2011. On October 4, 2011, Defendants filed their Motion to Stay Pending Arbitration. On October 5, 2011, this Court extended the TRO until October 25, 2011.[1]

When parties have agreed to resolve their disputes through arbitration, the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, requires that a court not proceed to trial:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Pre-Paid does not contest Defendants' right to

---

[1] On October 7, 2011, this Court denied without prejudice a request by Pre-Paid for limited, expedited discovery on the issues involved in the preliminary injunction request. This Court determined a short stay of any discovery was appropriate to allow this Court an opportunity to resolve Defendants' Motion to Stay Pending Arbitration.

invoke the arbitration clauses of the relevant agreements and obtain a stay of the federal court proceedings. The relevant arbitration clauses are found in two documents. First, the Associate Agreement with Policies and Procedures entered into by both Mark and Tammy Smith provides:

> All disputes and claims relating to PPLSI, the Associate Agreement, these Policies and Procedures and any other PPLSI policies, products, and services, the rights and obligations of an Associate or PPLSI or any of its officers, directors, employees or affiliates, whether in tort or contract shall be settled totally and finally by arbitration in Oklahoma City, Oklahoma, in accordance with the Commercial Arbitration Rules of the American Arbitration Association, **including the optional rules for emergency measures of protection**.

Pre-Paid Associates' Policies and Procedures, ¶ 23 (emphasis added). Second, the Regional Vice President Agreement ("RVP") executed by Mark Smith and Pre-Paid on January 1, 2007, provides:

> All disputes and claims relating to Company, RVP, this Agreement, or any associate agreement, or any Company policies, procedures, products or services, or any other claims or causes of action between RVP and Company or any of Company's officers, directors, employees or affiliates, whether in tort or in contract, shall be settled totally and finally by arbitration in Oklahoma City, Oklahoma in accordance with the Commercial Arbitration Rules of the American Arbitration Association, **including the optional rules for emergency measures of protection**.

RVP Agreement, ¶ 10. Recognizing the applicability of these provisions, Pre-Paid does not contest the right to arbitrate in this matter. Consequently, based on the clear language of these provisions, this Court finds Pre-Paid's claims are subject to arbitration. Defendants' Motion to Stay Pending arbitration is therefore granted. Defendants are directed to immediately submit

4

all claims in this case to final and binding arbitration in Oklahoma City, Oklahoma, in accordance with the Commercial Arbitration Rules of the American Arbitration Association ("AAA").[2] This action is ordered stayed until the conclusion of the arbitration proceedings or further order of the court.

Although it concedes the arbitrability issue, Pre-Paid argues that "[s]ending this case to arbitration without entry of the preliminary injunction will expose Pre-Paid to the continued abuses and violations by Defendants." Pre-Paid asks this Court to hear and determine the preliminary injunction motion and preserve the status quo pending arbitration. The Court agrees with Pre-Paid concerning the necessity of protecting the status quo. Under Tenth Circuit precedent, this Court clearly has the authority to issue injunctive relief preserving the status quo pending the initiation of arbitration. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton, 844 F.2d 726, 727-28 (10th Cir. 1988); see also Mount Holly Partners, LLC v. AMDS Holdings, LLC, 2009 WL 1507148, *2 (D.Utah). Retaining jurisdiction to consider a request for a preliminary injunction, however, does not appear to be an efficient utilization of client and judicial resources as the central issue can be decided in the context of the arbitration proceedings. The most appropriate avenue for the extended injunctive relief sought herein by Pre-Paid would appear to be a further extension of the TRO set to expire on October 25, 2011. Such an extension would preserve the status quo while the emergency measures of protection subsumed

---

[2] As a matter of procedure, this Court directs Defendants to initiate the arbitration proceedings as Pre-Paid notes that it has waived the arbitration clauses in the agreements by initially seeking judicial relief in state court. This Court trusts further judicial intervention will not be necessary in this regard and that Defendants will abide by this Court's directive to "immediately" institute arbitration proceedings.

within the TRO are addressed in the arbitration setting.

Rule 65 of the Federal Rules of Civil Procedure authorizes extensions of TROs under certain conditions.  Rule 65 provides:

> [t]he order expires at the time after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.

Fed.R.Civ.P. 65(b)(2).  An extension of a TRO can therefore be justified upon a showing of good cause.  <u>Merrill Lynch, Pierce, Fenner & Smith v. Patinkin</u>, 1991 WL 83163, *3-4 (N.D.Ill)(two-month extension of TRO in the context of arbitration proceedings warranted upon a showing of good cause).  The Optional Rules For Emergency Measures Of Protection adopted by the parties as part of their agreement to arbitrate provide for the appointment of an emergency arbitrator to rule on emergency applications within one business day of the receipt of notice to the AAA regarding a request for emergency measures.  Rule O-2.  These rules further provide that "as soon as possible, but in any event within two business days of appointment," the emergency arbitrator is required to establish a schedule for considering the request for emergency measures.  Rule O-3.  Thus, these Rules contemplate a swift resolution of a request for emergency measures, i.e. a determination on the injunctive relief entered herein maintaining the status quo pending arbitration of the underlying claims.  Defendants contend no additional extension of injunctive relief is necessary as a review can take place "in as little as three days or less."  Defendants' Supplemental Response, p. 2.  Defendants believe the October 25, 2011, TRO time frame provides Pre-Paid with "sufficient time to seek preliminary relief in arbitration."  <u>Id</u>.  While hopeful for a quick resolution, this Court is not as

optimistic as Defendants, particularly in light of the fact that some limited discovery will most likely be necessary to present the emergency measures request before an emergency arbitrator. Consequently, this Court finds good cause exists for an extension of the TRO currently set to expire on October 25, 2011, in order to allow the parties to properly present, and the emergency arbitrator to properly consider, a request for emergency measures.

Based on the foregoing reasons, Defendants' Motion to Stay Pending Arbitration (Dkt. No. 21) is granted.  It is further ordered that the TRO currently set to expire on October 25, 2011, be extended until December 14, 2011, **or** until an emergency arbitrator hears and determines an application for emergency measures related to preserving the status quo as set forth under the TRO, **whichever date first occurs**.

It is so ordered this 13th day of October, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma